Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
*srandall@randallslaw.com*

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Flores, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hatch Haven, LLC, an Arizona Limited Liability company,<br><br>Defendant. | No.<br><br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**(Jury Trial Demanded)** |

### SUMMARY

1.   Bryan Flores brings this lawsuit to recover unpaid overtime wages and other damages owed by Hatch Haven, LLC ("Hatch Haven").

2.   Flores and other hourly workers for Hatch Haven regularly worked in excess of 40 hours in a week.

3.   Hatch Haven did not pay Flores and these other workers the proper overtime rate for all of these hours.

4.   Instead, Hatch Haven paid Flores and workers like him different rates for different jobs they performed.

5.  So even when Hatch Haven did pay Flores and the other workers a premium for working certain hours, the premium was not calculated at 1.5x Flores and these workers' "regular rate." 29 U.S.C. § 207 (a), (e).

6.  Hatch Haven's failure to pay overtime wages and of failing to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

7.  Hatch Haven's failure to pay wages earned by Flores and its other violates the Arizona Wage Act, A.R.S. 23-350 *et seq.*

8.  This action seeks to recover the unpaid wages and other damages owed by Hatch Haven to these workers, along with all remedies provided by federal and Arizona law.

## JURISDICTION & VENUE

9.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Hatch Haven resides in this District.

12. Flores worked for Hatch Haven in this District.

13. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

14. Flores was, at all relevant times, an employee of Hatch Haven.

15. Flores was an hourly employee of Hatch Haven.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

16. Flores worked for Hatch Haven from February 2020 to March 2022.

17. Flores represents at least two classes of similarly situated workers for Hatch Haven.

18. Flores represents a collective of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Regular Rate Collective" is defined as:

> **All current or former hourly employees of Hatch Haven working in the United States who were, at any point in the past three years, paid an overtime compensation rate that did not take into account all financial remuneration paid to the employee during the workweek, including but not limited to an employee's alternate, higher compensation rate, shift differentials, and non-discretionary bonuses.**

19. Flores represents a class of similarly situated hourly employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Wage Class" is defined as:

> **All current or former hourly employees of Hatch Haven working in Arizona who were, at any point in the past three years, paid an overtime compensation rate that did not take into account all financial remuneration paid to the employee during the workweek, including but not limited to an employee's alternate, higher compensation rate, shift differentials, and non-discretionary bonuses.**

20. Together, throughout this Complaint, the FLSA Collective and Arizona Wage Class members are referred to as the "Similarly Situated Workers."

21. Hatch Haven, LLC ("Hatch Haven") is an Arizona limited liability company.

22. Hatch Haven's headquarters and principal place of business is in Maricopa County, Arizona.

23. At all relevant times, one or more of Hatch Haven's ultimate members were citizens of Arizona.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

24. Hatch Haven may be served by service upon its registered agent, Roseanne Sanchez Hatch, 1009 E. Gail Dr., Gilbert, AZ 85296, or by any other method allowed by law.

### COVERAGE UNDER THE FLSA

25. At all relevant times, Hatch Haven was an employer of Flores within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, Hatch Haven was and is an employer of the Similarly Situated Workers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. Hatch Haven was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. During at least the last three years, Hatch Haven has had gross annual sales in excess of $500,000.

29. Hatch Haven was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30. Hatch Haven employs many workers, including Flores, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

31. The goods and materials handled, sold, or otherwise worked on by Flores, and other Hatch Haven employees and that have been moved in interstate commerce include, but are not limited to, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

### FACTS

32. Hatch Haven provides day treatment, group homes, and clinics for persons with developmental and other disabilities.

PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES

4

33. Flores was an hourly employee of Hatch Haven.

34. Hatch Haven never paid Flores a salary.

35. Hatch Haven never paid Flores on a fee basis.

36. Hatch Haven paid Flores by the hour.

37. Hatch Haven paid Flores an hourly rate between $14 and $17 per hour for hours under 40 each week.

38. Flores reported the hours he worked to Hatch Haven on a regular basis.

39. Flores's hours are reflected in Hatch Haven's records.

40. Flores normally worked more than 40 hours in a week.

41. For most of his employment, Hatch Haven paid Flores at one to three hourly rates during each pay period, depending on the type of work he did.

42. For example, during the bi-monthly pay period ending December 18, 2021, Flores was paid $14 per hour for "DTA" (Day Treatment for Adults) work and $15 per hour for Group Home work.

43. During the same pay period, Flores was also paid $17 per hour for weekend work.

44. But Flores was not paid an overtime premium for any hours worked in excess of 40 in these workweeks:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Dta | 14.0000 | 58.58 | 820.12 | 20,994.96 |
| GROUP HOME | 15.0000 | 63.82 | 957.30 | 13,282.84 |
| P.T.O. | 14.0000 | 7.25 | 101.50 | 853.50 |
| Weekend Diff | 17.0000 | 2.30 | 39.10 | 363.31 |

45. Thus, for the pay period ending December 18, 2021, Flores was not paid an overtime premium at the regular rate required by the FLSA for any of his overtime hours.

PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES

5

46. Other workers, like Janet Bennett, were paid the same way.

47. During that same pay period ending December 18, 2022, for example, Bennett's pay was artificially split between DTA, weekend, and "transportation" work (that

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Dta | 15.0000 | 72.99 | 1,094.85 | 10,896.50 |
| Transportation | 15.0000 | 35.97 | 539.55 | 4,858.20 |
| Weekend Diff | 16.0000 | 19.02 | 304.32 | 2,661.76 |

is, driving) at rates of $15 or $16 per hour.

48. So, Bennett was not paid at the overtime premium required by the FLSA for any of her overtime worked during that pay period:

49. Even if Hatch Haven paid Flores a higher rate for certain hours, all overtime hours were not paid based on all remuneration paid to Flores, as required by the FLSA. 29 U.S.C. § 207(e).

50. Hatch Haven was aware of the overtime requirements of the FLSA.

51. Hatch Haven nonetheless failed to pay certain hourly employees, such as Flores, overtime at the rates required by the FLSA.

52. Hatch Haven's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

53. Because of the FLSA's overtime requirements, non-exempt employees, like Flores, reasonably expect to be compensated for the overtime they work at a rate at least 1.5x their regular hourly rate of pay.

54. Employees, like Flores, reasonably expect that their employers will comply with federal law regarding the payment of their wages.

55. Flores, in particular, expected that Hatch Haven would pay him in accordance with federal and state law.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

56. Hatch Haven was aware of the wage payment requirements of Arizona law.

57. Hatch Haven nonetheless failed to pay certain hourly employees, such as Flores, the wages they were owed under Arizona law.

58. Hatch Haven knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

59. Hatch Haven's failure to pay full overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

60. Flores incorporates all other allegations.

61. The illegal pay practices Hatch Haven imposed on Flores were likewise imposed on the FLSA Collective members.

62. The illegal pay practices Hatch Haven imposed on Flores were likewise imposed on the FLSA Collective Members.

63. Flores employs many other workers who worked over 40 hours per week and were subject to Hatch Haven's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

64. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

65. Based on his experience and tenure with Hatch Haven, Flores is aware that Hatch Haven's illegal practices were imposed on the FLSA Collective Members.

66. These workers were similarly situated within the meaning of the FLSA.

67. Hatch Haven's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

## CLASS ACTION ALLEGATIONS

68. The illegal practices Hatch Haven imposed on Flores were likewise imposed on the Arizona Wage Class members.

69. During the applicable statute of limitations, numerous other individuals who worked with Flores were not paid their full wages for all hours worked.

70. These members of the Arizona Wage Class are so numerous that joinder of all members the class is impracticable.

71. Hatch Haven imposed uniform practices and policies on Flores and these Arizona Wage Class members regardless of any individualized factors.

72. Based on his experience and tenure with Hatch Haven, Flores is aware that Hatch Haven's illegal practices regarding the payment of wages were imposed on the Arizona Wage Class members.

73. Arizona Wage Class members were all not paid all compensation due to them for the labor or services they provided to Hatch Haven.

74. Hatch Haven's failure to pay wages and overtime compensation in accordance with Arizona law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Wage Class members.

75. Flores's experiences are therefore typical of the experiences of the Arizona Wage Class members.

76. Flores has no interest contrary to, or in conflict with, the members of the Arizona Wage Class. Like each member of the proposed class, Flores has an interest in obtaining the unpaid wages and other damages owed under the law.

77. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent this action, many Arizona Wage Class members likely will not obtain redress of their injuries and Hatch Haven will reap the unjust benefits of violating Arizona law.

79. Furthermore, even if some of the Arizona Wage Class members could afford individual litigation against Hatch Haven, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

81. The questions of law and fact common to each of the Arizona Wage Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Flores and the Arizona Wage Class Members were paid all nondiscretionary compensation due to them in return for the work done for Hatch Haven;

   b. Whether Hatch Haven's pay scheme, which failed to compensate Flores and the Arizona Wage Class members at least 1.5x their regular rate of pay for overtime hours worked, resulted in the nonpayment of wages due and owing to Flores and the Arizona Wage Class Members under the Arizona Wage Act;

   c. Whether Hatch Haven knowingly benefitted at the expense of Flores and the Arizona Wage Class Members; and

d.  Whether allowing Hatch Haven to retain the benefit it obtained at the expense of Flores and the Arizona Wage Class Members would be unjust.

82. Flores's claims are typical of the claims of the respective Arizona Wage Class members. Flores and the Arizona Wage Class members have all sustained damages arising out of Hatch Haven's respective illegal and uniform employment policies.

83. Flores knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

84. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA
## AS TO FLORES AND THE FLSA COLLECTIVE

85. Flores incorporates all other allegations.

86. By failing to pay Flores and the FLSA Collective members overtime at 1.5 times their regular rates, Hatch Haven violated the FLSA. 29 U.S.C. § 207(a).

87. Hatch Haven owes Flores and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

88. Hatch Haven owes Flores and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

89. Hatch Haven knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**
10

90. Because Hatch Haven knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Hatch Haven owes these wages for at least the past three years.

91. Hatch Haven's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

92. Because Hatch Haven's decision not to pay overtime was not made in good faith, Hatch Haven also owes Flores and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

93. Accordingly, Flores and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT AS TO FLORES AND THE ARIZONA WAGE CLASS**

94. Flores incorporates all other allegations.

95. The conduct alleged in this Complaint violates the Arizona Wage Act, A.R.S. 23-350 *et seq.*

96. Hatch Haven was and is an "employer" within the meaning of the Arizona Wage Act. A.R.S. § 23-350(3).

97. At all relevant times, Hatch Haven employed Flores and each other Arizona Wage member as "employees" within the meaning of the Arizona Wage Act. A.R.S. § 23-350(2).

98. Flores and the other Arizona Wage Class members were required by law to be paid nondiscretionary compensation for all labor and services provided to Hatch Haven. A.R.S. § 23-350(7).

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**
11

99. Flores and the other Arizona Wage Class members had a reasonable expectation Hatch Haven would pay them wages for all labor and services provided to Hatch Haven. A.R.S. § 23-350(7).

100. Flores and the other Arizona Wage Class members had a reasonable expectation Hatch Haven would pay them wages as required by the FLSA.

101. Flores and the other Arizona Wage Class members had a reasonable expectation Hatch Haven would pay them wages as required by federal law.

102. Flores and the other Arizona Wage Class members had a reasonable expectation Hatch Haven would pay them wages as required by Arizona law.

103. Flores and the other Arizona Wage Class members had a reasonable expectation Hatch Haven would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

104. Within the applicable limitations period, Hatch Haven had a policy and practice of failing to pay proper overtime to the Arizona Wage Class members for their hours worked in excess of 40 hours per week.

105. The wages owed to Flores and each other Arizona Wage member were due to be paid not later than 16 days after the end of the of the most recent pay period. A.R.S. § 23-351(C)(3).

106. The wages and overtime owed to Flores and each other Arizona Wage member who left the employment of Hatch Haven were due to be paid not later seven days after termination, or at the end of the next regular pay period. A.R.S. § 23-353(A)-(B).

107. The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**
12

state or federal law, or the employee has authorized the withholding in writing. A.R.S. § 23-352.

108. Hatch Haven was not required under Arizona or federal law to withhold the wages due to Flores and the Arizona Wage Class members.

109. Hatch Haven was not empowered under Arizona or federal law to withhold the wages due to Flores and the Arizona Wage Class members.

110. Neither Flores nor the Arizona Wage Class members authorized Hatch Haven to withhold the wages due to them.

111. Hatch Haven has not paid the wages to Flores and the other Arizona Wage Class Member.

112. As a result of Hatch Haven's failure to pay all nondiscretionary compensation to Flores and the Arizona Wage Class Members, Hatch Haven violated the Arizona Wage Act.

113. Flores and the Arizona Wage Class members are entitled to recover all unpaid wages, treble damages, plus attorney's fees and costs. A.R.S. § 23-355(A).

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT
### AS TO FLORES AND THE ARIZONA WAGE CLASS

114. Flores incorporates all other allegations.

115. Hatch Haven's acts and omissions in failing to pay earned wages to Flores and the Arizona Wage Class members was done knowingly, willfully, or with reckless disregard of the rights of Flores and the Arizona Wage Class members.

116. As a result of its unlawful acts and omissions, Hatch Haven received substantial benefit in the form of financial compensation that rightfully belonged to Flores and the Arizona Wage Class members.

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

117. It would be unjust to allow Hatch Haven to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Flores and the Arizona Wage Class members the wages they were entitled to under Arizona law.

118. Hatch Haven has been unjustly enriched by its unlawful acts and omissions.

### DAMAGES

119. Hatch Haven's acts and omissions, individually and collectively, caused Flores and the Similarly Situated Workers to sustain legal damages.

120. Flores and the FLSA Collective members are entitled to overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

121. Flores and the Arizona Wage Class members are entitled to damages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. A.R.S. § 23-355(A).

122. Flores and the Arizona Wage Class members are entitled to recover for Hatch Haven's unjust enrichment, including restitution and penalties.

123. Flores and the Similarly Situated Workers are entitled to recover attorneys' fees and costs of court.

124. Flores and the FLSA Collective members are entitled to recover liquidated damages under the FLSA.

125. Flores and the Arizona Wage Class members are entitled to treble damages under the Arizona Wage Act.

126. Flores and the Arizona Wage Class members are entitled to exemplary damages on their unjust enrichment claim.

127. Flores and the Similarly Situated Workers are entitled to pre- and post-judgment interest at the maximum legal rates.

128. A constructive trust should be imposed on Hatch Haven, and the Court should sequester any benefits or money wrongfully received by Hatch Haven at the expense of Flores and the Arizona Wage Class members.

### RELIEF SOUGHT

Flores prays for judgment against Hatch Haven as follows:

a. For an order certifying a collective action for the purposes of claims under the FLSA;

b. For an order certifying a class action for the purposes of the claims under Arizona law;

c. For an order finding Hatch Haven liable for violations of federal wage laws with respect to Flores and all FLSA Collective Members covered by this case;

d. For an order finding Hatch Haven liable for violations of Arizona wage laws with respect to Flores and all Arizona Wage Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Flores and all FLSA Collective Members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Flores and all Arizona Wage Class members covered by this case;

g. For an order finding Hatch Haven was unjustly enriched by its violations of Arizona law with respect to Flores and all Arizona Wage Class members covered by this case;

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES**

    h.    For an order imposing a constructive trust on Hatch Haven and sequestering the benefits and monies that it wrongfully obtained at the expense of Flores and the Arizona Wage Class members;

    i.    For an order for an accounting and awarding restitution, penalties, and exemplary damages to Flores and all Arizona Wage Class members covered by this case;

    j.    For a judgment awarding costs of this action to Flores and all FLSA Collective and Arizona Wage Class members covered by this case;

    k.    For a judgment awarding attorneys' fees to Flores and FLSA Collective and Arizona Wage Class covered by this case;

    l.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Flores and all FLSA Collective and Arizona Wage Class members covered by this case; and

For all such other and further relief as may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable in this action.

SUBMITTED this 10th day of May 2002.

                                                        **RANDALL LAW PLLC**

                                                        By /s/ Samuel R. Randall
                                                          Samuel R. Randall
                                                          *Attorneys for Plaintiff*